IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUBREY MCDANIELS,                )
                                 )
          Petitioner             )
                                 )
     v.                          )
                                 )    Civil Action No. 11-85
ATTORNEY GENERAL of the STATE    )
Of PENNSYLVANIA, et al.          )
                                 )
          Respondents            )

REPORT & RECOMMENDATION

I. Recommendation

Presently before the Court is Petitioner's, Aubrey McDaniels, petition for writ of habeas corpus (Doc. # 6). For the reasons that follow, it is respectfully recommended that the petition be dismissed without prejudice for failure to prosecute and, because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report

The petitioner, Aubrey McDaniels ("McDaniels"), filed a petition for writ of habeas corpus challenging the calculation of his sentence. The matter was originally filed in the Western District of Pennsylvania, was transferred to the Eastern

District, and, on January 20, 2011, was re-transferred to this jurisdiction.

On January 24, 2011, this Court entered an order directing the United States Marshal to make service of the petition and directed the respondents to respond to its allegations. In a separate order, McDaniels was directed to complete an election form either consenting to jurisdiction by a magistrate judge or electing to have a district judge assigned to the case. On that same date, copies of the orders were mailed to petitioner at SCI-Mercer, which is his last known address.

On February 7, 2011, the mail sent to petitioner was returned marked "Not at this address." Upon telephone inquiry to SCI Mercer, the institution would only verify that the petitioner was no longer in the Pennsylvania Department of Corrections System and would not release any other information about McDaniels's location. Unable to discern the petitioner's whereabouts, this Court entered an Order requiring him, by February 22, 2011, to either provide the Court with his current address or show cause why his petition should not be dismissed for failure to prosecute. Having no other recourse, a copy of the order was mailed to petitioner at the SCI-Mercer address. Not surprisingly, this mail was also returned, this time marked "sentence completed."

McDaniels's failure to notify the Court of his whereabouts places this proceeding in legal limbo, requiring an analysis as to whether it should be dismissed for failure to prosecute. Under Fed. R. Civ. P. 41 (b), a defendant may move to dismiss the action against it if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or any order of court. Rule 41(b) has been interpreted as permitting sua sponte dismissals by the court. See Link v. Wabash Railroad Company, 370 U.S. 626, 630-31 (1962); Passmore v. Beard, Civil No. 3:07-1842, 2009 WL 1138128, at *2 (M.D. Pa. April 24, 2009).

Punitive dismissals for failure to comply with court orders are left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Courts consider the following six factors, set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868-70 (3d Cir. 1984), to determine whether an action should be dismissed as a sanction against a party:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Factors 1, 3, and 4 concern McDaniel's non-compliance with his obligation to notify the Court of his change of address. As a pro se petitioner, McDaniels has the ultimate responsibility for prosecution of his action and his failure to keep the court informed of his location "amounts to an abandonment of his claims." Ali v. Hilton Gateway, Civil Action No. 05-2459, 2007 WL 121453, at *2 (D.N.J. January 7, 2007). His continued lack of communication is indicative of willful and dilatory conduct and will be weighed in favor of dismissal.

Factor two, prejudice caused to the adversary, is neutral. As the respondents have yet to file a response to the petition, other than general delay, there appears to be no specific prejudice to the respondents. Similarly, the sixth factor, the meritoriousness of the claim, is difficult to evaluate at this stage, and will be weighed neither in favor nor against McDaniels.

The fifth factor to consider, the effectiveness of sanctions other than dismissal, favors dismissal. McDaniels filed this action in forma pauperis; therefore, monetary sanctions seem inappropriate. Additionally, petitioner's failure to notify the Court of his whereabouts is consistent with an assumption that he has lost interest in pursuing this case, rendering dismissal a proper sanction.[1]

III. Conclusion

Since application of the Poulis factors weigh in favor of dismissal for failure to prosecute, it is respectfully recommended that the petition in the above-captioned case be dismissed without prejudice.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

---

[1] Moreover, if McDaniels has completed his sentence as the returned mail indicates, it would appear that his habeas action, based upon an assertion that his sentence was miscalculated, is moot.

Respectfully submitted,


s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge


Entered: March 3, 2011